**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEPHEN RAMONT HARDRIDGE,

Defendant-Appellant.

No. 07-5015

(N.D. Oklahoma)

(D.C. Nos. 06-CV-399-HDC and
00-CR-126-HDC)

**ORDER**

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Stephen Hardridge, a federal prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to appeal the district court's order denying his 28

U.S.C. § 2255 petition to vacate, modify, or set aside his sentence. In his § 2255

petition, Mr. Hardridge alleged (1) the presentation of perjured testimony during

his trial created constitutional error and also constituted prosecutorial misconduct,

and (2) his trial counsel was ineffective for failing to object to that testimony.

Mr. Hardridge also seeks leave to proceed in forma pauperis ("IFP"). For

substantially the same reasons set forth by the district court, we agree that Mr.

Hardridge is not entitled to a COA. We therefore deny his motion to proceed IFP

and dismiss this matter.

# I. BACKGROUND

A grand jury indicted Mr. Hardridge, along with sixteen co-defendants, charging participation in a drug distribution conspiracy spanning eight years. A jury convicted Mr. Hardridge of conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). The district court sentenced Mr. Hardridge to 292 months' imprisonment, a 10-year term of supervised release, and a $10,000 fine. We affirmed Mr. Hardridge's conviction and sentence on direct appeal. *United States v. Hardridge*, 100 Fed. Appx. 743 (10th Cir. 2004). After the Supreme Court vacated our decision and remanded it in light of *United States v. Booker*, 543 U.S. 220 (2005), we reaffirmed Mr. Hardridge's conviction and sentence. *United States v. Hardridge*, 139 Fed. Appx. 47 (10th Cir. 2005). Mr. Hardridge timely filed a § 2255 motion.

# II. DISCUSSION

In order to obtain a COA, Mr. Hardridge must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been

granted and the case has received full consideration, that [the] petitioner will not prevail." *Id*. at 338.

Mr. Hardridge contends that the government knowingly permitted two witnesses, Jennifer Natale and Netha Taylor, to give perjured testimony regarding drug transactions with him that did not take place. According to Mr. Hardridge, both witnesses falsely testified that he was involved in certain deliveries of cocaine in August, September, and October 2000. Mr. Hardridge maintains his participation was impossible because he was incarcerated during these months.

The district court examined and rejected Mr. Hardridge's arguments that the government knowingly presented perjured testimony. The disputed testimony involved transactions that took place in 1999, not 2000. Although Ms. Taylor did testify that she was involved in the transport of cocaine in October and November 2000, she did not identify the recipient of these deliveries. The district court also rejected Mr. Hardridge's contention that the use of this testimony violated his right to a fair trial or constituted prosecutorial misconduct because he did not raise this issue in his direct appeal.

Because Mr. Hardridge's claim regarding perjured testimony failed on the merits, the district court concluded that his related ineffective assistance of counsel claim, which was based on his counsel's failure to object to this testimony, also failed. Moreover, the district court noted that counsel did in fact raise a similar but unsuccessful objection to the presentence report that stated that

Mr. Hardridge "could not have been responsible for large amounts of drugs as maintained in the presentence investigation report" "because he was in custody during much of the ongoing conspiracy." Dist. Ct. Order at 5, filed Jan. 12, 2007. Furthermore, Mr. Hardridge also unsuccessfully raised this claim on direct appeal.

Here, for substantially the same reasons set forth in the district court's order, we conclude that Mr. Hardridge's challenges lack merit and his counsel was not ineffective for failing to raise them.

## III. CONCLUSION

Accordingly, we DENY Mr. Hardridge's request for a COA, DENY his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
    Deputy Clerk